# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NANCY LEAL AND JOE VALDEZ, | § | |
| INDIVIDUALLY AND AS ALL HEIRS TO | § | |
| THE ESTATE OF CRESCENCIA | § | |
| VALDEZ, DECEASED, | § | |
| | § | Civil Action No.  SA-17-CV-00740-XR |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| BR HEALTHCARE SOLUTIONS, LLC | § | |
| D/B/A KARNES CITY HEALTH AND | § | |
| REHABILITATION CENTER AND | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | | |
| *Defendants*. | | |

## ORDER

Before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs' Original Petition was filed on May 26, 2017 in the District Court, 218th Judicial District, Karnes County, Texas, asserting causes of action for negligence against defendants BR Healthcare Solutions, LLC and Rayford Mitchell, M.D.  (Plaintiffs' Original Petition at ¶¶ 54-59).  The case was thereafter removed to this Court, and Defendant United States of America was substituted in place of prior defendant Rayford Mitchell, M.D. after it was determined that Mitchell was an employee of the Government "acting within the scope of his office or employment at the time of the incident out of which the claim arose."  *See* 28 U.S.C § 2679(d)(2) ("Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.").  Defendant United States' Rule 12(b)(1) Motion

contends that this Court lacks subject-matter jurisdiction over claims asserted against the United States in the instant action because Plaintiffs have not previously filed an administrative claim with the appropriate federal agency, and thus have failed to comply with the statutory requirements of the Federal Tort Claims Act (FTCA), 28 U.S.C § 2675(a).

The FTCA provides the exclusive remedy for parties seeking money damages against the United States "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). "[E]xact compliance" with the statutory requirements of the FTCA is a condition precedent to maintaining suit thereunder. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971). The FTCA requires that, prior to instituting a legal action against the United States in federal court, the claimant must first present their claim to the appropriate federal agency and the claim must be finally denied by the agency in writing. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a [tort] claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Accordingly, until a claimant has complied with the statutory requirements of § 2675(a), federal courts do not have subject-matter jurisdiction over an action brought against the United States under the FTCA. *Johnson v. United States*, 502 F. App'x 412, 420 (5th Cir. 2012) (quoting *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989)); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). If a court lacks subject-matter jurisdiction over an action, "the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The factual allegations contained in Plaintiffs' Original Petition do not indicate that Plaintiffs filed an administrative claim with the United States Department of Health and Human Services prior to filing their Original Petition in state court. (*See* Plaintiffs' Original Petition at ¶¶ 10-53). The United States contends that they have not, and no response was filed in opposition. Because Plaintiffs have failed to exhaust their administrative remedies, they are barred from bringing suit against the United States in federal court under the FTCA. *See* 28 U.S.C. § 2675(a). As a result, this Court lacks subject-matter jurisdiction over Plaintiffs' claim against the United States in the instant action at this time, and Plaintiffs' claim against the United States must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("The subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a)"); *see also* 28 U.S.C. § 2679(d)(5) (an action previously dismissed for failure to present an administrative claim may be deemed to be timely presented under § 2401(b) if it would have been timely had it been filed on the date the underlying civil action was commenced and the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action).

Having dismissed the claim upon which federal jurisdiction was based, this Court is inclined to remand Plaintiffs' remaining negligence claim against BR Healthcare Solutions, LLC to the District Court, 218th Judicial District, Karnes County, Texas if the Court has only supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367 (stating a district court may decline to exercise supplemental jurisdiction over a remaining claim once it has "dismissed all claims over which it has original jurisdiction"); *Warren v. Joynder*, 996 F. Supp. 581, 585 (S.D.

Miss. 1997) (declining to exercise supplemental jurisdiction over a remaining medical malpractice claim once the FTCA claims were dismissed for lack of subject-matter jurisdiction); *Bush v. Jones*, No. 1:01CV275-D-D, 2001 WL 1530349, at *3 (N.D. Miss. Nov. 2, 2001) (citing *Dillon v. State of Miss. Military Dept.*, 23 F.3d 915, 918 n.6 (5th Cir. 1994)) ("[O]ther courts in analogous situations [have] remanded 'the remaining case' against other defendants who were not federal employees after the United States' motion to dismiss had been granted."). Based on the information currently available, this Court is unable to discern whether diversity jurisdiction exists over Plaintiffs' negligence claim against BR Healthcare Solutions, LLC, which would preclude such remand. Although it appears from the face of the petition that the amount in controversy will exceed the $75,000 threshold for diversity jurisdiction, the citizen status of defendant BR Healthcare Solutions, LLC depends on the citizenship status of all its members, and such information has not been made available to this Court. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (joining all other circuits to address the issue in holding that "the citizenship of a LLC is determined by the citizenship of all its members."). To resolve this jurisdictional issue, the remaining parties are hereby instructed to advise this Court concerning the proper disposition of these claims.

Accordingly, Defendant United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (docket no. 3) is **GRANTED**. Plaintiffs' claims against the United States are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Plaintiffs and Defendant BR Healthcare Solutions LLC shall advise the Court in writing within fourteen (14) days whether the remaining claim against BR Healthcare Solutions, LLC

can be remanded under 28 U.S.C. § 1367, or, if diversity jurisdiction exists, whether the remaining parties consent to remand or wish to remain in this Court.

It is so ORDERED.

SIGNED this 20th day of September, 2017.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE